IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry O'Neal Dingle, Jr., ) | Case No.: 9:23-cv-6106-JD-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| John Palmer, Mrs. S. Burdette, Mr. ) | |
| Wilkenson, & Mrs. Mickens, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry (DE 52), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Defendants John Palmer, Mrs. S. Burdette, Mr. Wilkinson,[1] and Mrs. Nickens[2] (collectively "Defendants") Motion for Summary Judgment (DE 42).[3]

---

[1] Plaintiff identifies the spelling of Mr. Wilkenson's name with an "e," while Mr. Wilkinson has clarified in his Affidavit that his name is spelled with two "i"s. (DE 42-7.) The Court refers to this Defendant as "Wilkinson."

[2] Although Plaintiff identifies this Defendant as "Mrs. Mickens" in the Complaint, Defendants note that the proper spelling of this Defendant's name is "Nickens." (DE 42-1 at 1 n.1.) The Court refers to this Defendant as "Nickens."

[3] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants in their individual and official capacities, alleging violations of his civil rights while he was a state prisoner at the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). (DE 1 at 2–3, 6.) Plaintiff alleges that Defendants were deliberately indifferent to his medical needs and violated his Eighth Amendment rights through the unnecessary wanton infliction of cruel and unusual punishment. (*Id.* at 4–11.) Plaintiff requests "punitive damages in the amount of $85,000 and injunctive relief to be transferred to Kirkland Correctional facility[.]" (*Id.* at 12.)

Plaintiff's claims stem from an incident on August 14, 2023. (DE 29 at 1.) Plaintiff asserts he was drying off in the right back shower of the Restricted Housing Unit ("RHU"), arched his neck backward to dry off, and while doing so, debris fell from the ceiling and landed in his left eye. (*Id.*) According to Plaintiff, it was then that he noticed that the drywall in the ceiling of the shower was covered with mold. (*Id.*) Plaintiff alleges he wrote a Request to Staff Member ("RTSM") to Defendant John Palmer on August 17, 2023, three days after the incident, to inform him of his eye injury and that there was mold in the showers and his dorm. (DE 29 at 1; DE 1-1 at 3.) Plaintiff states he was not given anything to help with his eye condition until

December 21, 2023, an hour before he was transferred to Broad River Correctional Institution. (DE 29 at 2.)

On August 28, 2024, Defendants filed a Motion for Summary Judgment alleging: (1) Plaintiff has failed to show a constitutional deprivation sufficient for recovery under § 1983; (2) Plaintiff has failed to show cruel and unusual punishment in violation of the Eighth Amendment; (3) Plaintiff has not stated a claim for deliberate indifference to his serious medical needs; (4) Defendants are entitled to Eleventh Amendment immunity; and (5) to the extent there is sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity. (DE 42-1 at 10–25.)

On August 30, 2024, under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond to the motion adequately. (DE 44.) Plaintiff filed a response in opposition (DE 48) and additional attachments. (DE 49, DE 50.)

### B. Report and Recommendation

On December 20, 2024, the Magistrate Judge issued the Report recommending that Defendants' motion for summary judgment be granted. (DE 52.) The Report found insufficient evidence to create a material question of fact related to Plaintiff's constitutional claims for deliberate indifference or cruel and unusual punishment against any individual Defendant. (*Id*. at 24.)  Plaintiff has not objected to the Report.

3

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Because Plaintiff has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 52) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 42) is granted, and this case is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 10, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.